UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:            Chapter 11

ELLENBETH WACHS,
a/k/a ELLEN BETH WACHS,            Case No: 8:21-bk-00470-RCT

_____Debtor(s)._____/

AFFIDAVIT AND FINANCIAL DISCLOSURE
IN SUPPORT OF DEBTOR'S APPLICATION TO
APPROVE THE EMPLOYMENT OF BUDDY D. FORD, P.A.

**STATE OF FLORIDA**
**COUNTY OF HILLSBOROUGH**

      **BEFORE ME**, the undersigned authority, personally appeared BUDDY D. FORD, ESQUIRE, who, being duly sworn, deposes and says:

      1.     I am BUDDY D. FORD, ESQUIRE. I am an attorney employed by the law firm of BUDDY D. FORD, P.A. I am a member of the bar of the United States District Court for the Middle District of Florida, as are all other attorneys with BUDDY D. FORD, P.A. (the "Law Firm"). My Law Firm and I represent the Debtor(s) in this Chapter 11 bankruptcy case. It is anticipated that BUDDY D. FORD, P.A., will staff this case using senior and junior attorneys, as well as paralegals, depending upon the skill and experience required, the difficulty of the particular project, and the client's desires.

      2.     I make this affidavit in compliance with the provisions of 11 U.S.C. §§ 327(a), 328 and 329(a) of the Bankruptcy Code and F.R.B.P. 2014(a) and F.R.B.P. 2016(b).

      3.     Unless otherwise stated, this affidavit is based upon facts of which I have personal knowledge.

      4.     In preparing this affidavit, I reviewed all documents produced by the Debtor, including its creditor list, research conducted by this office, and the Debtor's bankruptcy schedules and lists that have been reviewed and approved by the Debtor and filed in this Court. I also compared the information contained in those schedules and lists with the information contained in my law firm's client and adverse party conflict check index system. The facts stated in this affidavit as to the relationship between other lawyers in my law firm and the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, other persons employed by the office of the United States Trustee, and those persons and entities who are

defined as not disinterested persons in § 101(14) of the Bankruptcy Code are based upon the results of my review of my Law Firm's conflict check index system.

5. My law firm's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the Law Firm, and it is the regular practice of the Law Firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I am one of the persons who keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

6. My Law Firm has not represented the Debtor during the past year. There were no fees due as of the filing to my Law Firm.

7. No attorney in my Law Firms holds a direct or indirect equity interest in the Debtor [including stock, stock warrants, a partnership interest in a Debtor partnership] or has a right to acquire such an interest.

8. No attorney in the Law Firm is or has served as an officer, director, or employee of the Debtor within two (2) years before the petition filing.

9. No attorney in the Law Firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

10. No attorney in the Law Firm is a general or limited partner of the partnership in which the Debtor(s) is also a general or limited partner.

11. No attorney in the Law Firm is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor, within two (2) years before the filing of the petition.

12. No attorney in the Law Firm has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three (3) years before the filing of the petition.

13. No attorney in the Law Firm presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtor, or person otherwise adverse or potentially adverse to the Debtor or estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate.

14. No attorney in the Law Firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or the estate, on any matter substantially related to the bankruptcy case.

15. No attorney in the Law Firm represents an insider of the Debtor or the Debtor's parent, subsidiary, or other affiliate.

16. No attorney in the Law Firm has been paid fees pre-petition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case, except that BUDDY D. FORD, P.A. was contacted to advise the Debtor with respect to various legal and financial issues. Accordingly, the Law Firm performed pre-petition legal services for the Debtor prior to filing of the Chapter 11 Petition. All such services were performed in connection with or were related to the filing of this case.

17. The terms of employment agreed to between the Debtor and BUDDY D. FORD, P.A., subject to approval of the Court, are that Debtor has agreed to compensate BUDDY D. FORD, P.A., on an hourly basis for services rendered at the standard hourly rates of the respective attorneys and paralegals of BUDDY D. FORD, P.A., which rates range from $425.00 per hour for the services rendered by Buddy D. Ford, $375.00/hour for services rendered by Senior associate attorneys, $300.00/hour for services rendered by Junior associate attorneys, $150.00/hour for senior paralegal services and $100.00/hour for junior paralegal services in the case and are subject to periodic adjustment to reflect economic and other considerations. The Applicant further has agreed to reimburse BUDDY D. FORD, P.A., for the actual and necessary expenses BUDDY D. FORD, P.A., incurs in connection with this representation that exceed the cost retainer.

18. Prior to the conversion, the Debtor paid $23,000.00 to Buddy D. Ford, P.A., for the following:

a. $20,000.00 post-filing fee/cost retainer;

b. $962.00 conversion fee; and

c. $2,038.00 as a cost retainer.

19. BUDDY D. FORD, P.A. will apply the advance fee to its periodic billings subject to interim and final applications for compensation and approval by the Court, and, at an appropriate time, BUDDY D. FORD, P.A., may make application for an award of additional compensation; and the Debtor, subject to Court approval, shall be responsible for all fees and expenses incurred by BUDDY D. FORD, P.A., after depletion of the advance fee, if any.

20. Counsel for the Debtor recognizes the Court will determine the reasonableness of fees pursuant to the provisions of § 330 of the Bankruptcy Code.

21. There is no agreement of any nature, other than the partnership agreement of my Law Firm, as to the sharing of any compensation to be paid to the Law Firm.

22. No attorney in the Law Firm has any other connection with the Debtor, creditors, United States Trustee, or any employee of that office, or any other parties in interest.

23. No attorney in the Law Firm has any other interest, direct or indirect, that may be affected by the proposed representation.

24. The services rendered or to be rendered, include the following:

    a. Analysis of the financial situation, and rendering advice and assistance to the Debtor in determining whether to file a petition under Title 11, United States Code;

    b. Advising the Debtor with regard to the powers and duties of the Debtor as Debtor-in-Possession in the continued management of Debtor's financial affairs; operation of Debtor's business; and/or management of the property of the estate;

    c. Preparation and filing of the petition, schedules of assets and liabilities, the statement of financial affairs, and other documents required by the Court.

    d. Representation of the Debtor at the § 341 Creditors' meeting;

    e. To give the Debtor legal advice with respect to Debtor's powers and duties as Debtor and as Debtor-in Possession in the continued operation of Debtor's business; management of property; and/or management of financial affairs; if appropriate;

    f. To advise the Debtor with respect to Debtor's responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the court;

    g. To prepare, on the behalf of your Applicant, necessary motions, pleadings, applications, answers, orders, complaints, and other legal papers and appear at hearings thereon;

    h. To protect the interest of the Debtor in all matters pending before the court;

    i. To represent the Debtor in negotiation with its creditors in the preparation of the Chapter 11 Plan; and

    j. To perform all other legal services for Debtor as Debtor-in-Possession which may be necessary herein.

24. This concludes my affidavit.

BUDDY D. FORD, P.A.,

By: _____
BUDDY D. FORD, ESQUIRE

**SWORN to and SUBSCRIBED** before me, this 7th day of July, 2021, by BUDDY D. FORD, ESQUIRE on behalf of BUDDY D. FORD, P.A. who is personally known to me and who did take an oath.

NOTARY PUBLIC:

_____
State of Florida at Large (SEAL)

cc:  U.S. Trustee
     Debtor(s)

STACI A. BRUCE
Commission # HH 024903
Expires August 8, 2024
Bonded Thru Budget Notary Services